[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12682

Non-Argument Calendar

_____

KENNETH LEE BROWN,

Plaintiff-Appellant,

*versus*

GEORGIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

JESSIE WILLIAMS,
Superintendent, Long State Prison,
individual and official capacities,

2                           Opinion of the Court                    22-12682

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:21-cv-00002-LGW-BWC

_____

Before NEWSOM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kenneth Brown, a Georgia prisoner proceeding *pro se*,[1] appeals the district court's dismissal of his *pro se* 42 U.S.C. § 1983 complaint against Long State Prison Superintendent Jessie Williams.[2] The district court dismissed without prejudice Brown's complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). No reversible error has been shown; we affirm.

---

[1] We read liberally appellate briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] On appeal, Brown raises no challenge to the district court's dismissal of (1) his claims against the Georgia Department of Corrections, (2) his claims against Long State Prison, or (3) his official-capacity claims for money damages against Superintendent Williams. Those claims are not before us.

## I.

This civil action arises from a 1 January 2019 incident during which Brown was stabbed five times in the head by a fellow inmate, Franklin Wood. According to Brown, Wood made broad threats to harm someone if he was not granted parole at his upcoming parole hearing. Although Brown told Superintendent Williams about Wood's threats, Brown says no action was taken to protect him or other inmates from Wood. After Wood was denied parole, he attacked Brown.

In January 2021, Brown filed *pro se* this civil action in the district court. Brown asserted that Superintendent Williams failed to protect him from Wood's attack. As relief, Brown sought $300,000 in money damages.

In his complaint, Brown acknowledged that the prison had a grievance procedure and indicated that he was unsure whether his failure-to-protect claim was covered by the grievance procedure. Brown also stated that he had filed no grievance for the 1 January 2019 incident.

Superintendent Williams moved to dismiss Brown's complaint on the ground that Brown failed to exhaust his administrative remedies under the prison's grievance procedure.

A magistrate judge issued a report and recommendation ("R&R"), advising the district court to dismiss without prejudice Brown's complaint. The magistrate judge concluded that Brown failed to file a grievance before initiating his lawsuit. The magistrate judge also rejected Brown's arguments that the prison's

grievance process was inapplicable under the circumstances of this case.  Brown objected to the R&R, arguing chiefly that the prison's grievance process was inapplicable to his claim.

The district court overruled Brown's objections.  The district court adopted the R&R, granted Superintendent Williams's motion to dismiss, and dismissed without prejudice Brown's complaint for failure to exhaust administrative remedies.

## II.

We review *de novo* the district court's interpretation and application of the PLRA's exhaustion requirement.  *See Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).

Under the PLRA, a prisoner may not file a section 1983 complaint about "prison conditions" unless "such administrative remedies as are available are exhausted."  *See* 42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory; "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

In considering a motion to dismiss for failure to exhaust administrative remedies, the district court applies a two-step inquiry. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id*.  At this step, "[t]he court should dismiss if the facts as stated by the prisoner show a failure to exhaust." *Whatley v. Smith*, 802 F.3d 1205, 1209 (11th Cir. 2015).  "Second, if dismissal is not warranted on the

prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id*. Here, the district court dismissed Brown's complaint at the first step.

The district court committed no error in dismissing Brown's complaint for failure to exhaust administrative remedies. That Brown filed no prison grievance related to the 1 January 2019 incident is undisputed. Because the facts as stated by Brown show that Brown failed to exhaust his administrative remedies, the district court concluded properly that Brown's complaint was subject to dismissal.

The district court also rejected properly Brown's arguments that the prison-grievance procedure was inapplicable under the circumstances. That Brown's failure-to-protect claim arose from a single assault -- not from a prison-wide condition -- does not render the PLRA's exhaustion requirement inapplicable. The Supreme Court has concluded that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Brown was also required to comply with the PLRA's exhaustion requirement even though money damages were unavailable under the prison's grievance process. *See id*. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").

Brown also contends that complaints about prisoner violence are resolved typically under a prison policy dealing with administrative segregation and protective custody -- Georgia Department of Corrections Standard Operating Procedure ("SOP") 209.06 -- not through the prison's grievance process (SOP 227.02). Accepting Brown's assertion as true, we read nothing in SOP 209.06 that can be construed reasonably as superseding the prison's grievance process. Nor do we read SOP 209.06 as preventing a prisoner from filing a grievance about prisoner violence or about an alleged failure to place an inmate in protective custody.

Brown argues further that he was not required to file a grievance (1) because he did not initiate the complaint about Wood and, instead, notified Superintendent Williams about Wood's threats only after Superintendent Williams asked Brown expressly about Wood's conduct; and (2) because Superintendent Williams failed to advise Brown that he needed to file a written grievance about Wood's threats. We reject these arguments as without merit.

Brown was required to comply with the prison's grievance process before filing this civil action. Because Brown failed to do so, the district court concluded properly that Brown's complaint was subject to dismissal for failure to exhaust administrative remedies.

AFFIRMED.